# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4322-18T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CHRISTIAN SOLORZANO,

    Defendant-Appellant.

_____

> Submitted April 21, 2020 – Decided June 12, 2020
>
> Before Judges Yannotti and Currier.
>
> On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 07-02-0406.
>
> Edward Crisonino, attorney for appellant.
>
> Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (Nicole Lynn Campellone, Assistant Prosecutor, on the brief).

PER CURIAM

    Defendant Christian Solorzano appeals from the May 9, 2019 denial of his petition for post-conviction relief (PCR) without an evidentiary hearing.

Defendant argues the PCR court erred by finding the petition was untimely under Rule 3:22-12 and that he was not entitled to an evidentiary hearing. We affirm.

Defendant was born in Peru and came to the United States with his parents when he was fifteen years old. He attended high school and completed some college courses in the United States. At the time of oral argument on defendant's petition, he was married, employed, and had two children who were United States citizens.

In April 2007, an Atlantic County grand jury indicted defendant with four counts of third-degree invasion of privacy in violation of N.J.S.A. 2C:14-9(b); four counts of fourth-degree endangering the welfare of a child in violation of N.J.S.A. 2C:24-4(b); and third-degree attempt in violation of N.J.S.A. 2C:5-1 and N.J.S.A. 2C:14-9. The charges arose from incidents that took place in March and November 2006. At the time, defendant was living with his girlfriend and her thirteen-year-old daughter. On those dates, he hid a camera in the girl's bathroom so he could observe her undressed.

On December 3, 2007, defendant pled guilty to two counts of third-degree invasion of privacy and two amended charges of fourth-degree abuse of a child in violation of N.J.S.A. 9:6-3. At the time of the plea hearing, defendant was thirty-two years old. He used the services of a translator during the hearing.

2

While under oath, represented by counsel, defendant acknowledged he understood his rights, was pleading guilty voluntarily and without any threats, coercion or pressure, and had truthfully answered all of the questions on the plea form. Question seventeen asked whether defendant understood that by pleading guilty, he "may be deported by virtue of [his] plea of guilty" if "[he was] not a United States citizen or national . . . ." Defendant circled "yes."

Defendant was sentenced in March 2008 to five years of probation, conditioned on serving 270 days in jail, which could be served by day reporting. He did not appeal and successfully completed probation.

Ten years later, in June 2018, defendant was arrested by the United States Immigration and Customs Enforcement (ICE) and faced removal proceedings as a result of the 2008 convictions. He was released on bail pending the outcome of his PCR application.

In September 2018, defendant filed a counseled PCR petition. He challenged his plea and sentence, stating in a certification that he "was not told of the immigration consequences of [the] plea," and he had not agreed to the amended charges for fourth-degree abuse of a child.

Defendant further stated he "believed [his] attorney when he told me I would not be deported as a result of these pleas." He certified he had no reason

to know the advice was wrong until he was arrested ten years later by ICE. Defendant further alleged he would not have accepted the plea agreement had he known it would subject him to deportation. He stated that upon his arrest and discovery of the "true immigration consequences" of his plea, he hired counsel and filed the petition for PCR.

After oral argument, the PCR court entered an order and issued a written decision on May 9, 2019 denying the petition. The court found the petition was untimely because it was filed more than ten years after the entry of the judgment of conviction, "well over" the five-year time limit established in Rule 3:22-12.

The court rejected defendant's argument that he had demonstrated excusable neglect to relax the time restriction, citing to State v. Cummings, 321 N.J. Super. 154, 165 (App. Div. 1999), for the proposition that a lack of legal knowledge is not adequate to show excusable neglect. The court also relied on State v. Brown, 455 N.J. Super. 460 (App. Div. 2018), and State v. Brewster, 429 N.J. Super. 387 (App. Div. 2013), to support its determination that defendant had not demonstrated excusable neglect.

The PCR court stated:

> Here, while the judge both at the plea and at the sentencing did not mention any immigration consequences, the judge did confirm with [defendant] that he had discussed the questions and answers from

the plea form with his attorney. This plea form contained the same [q]uestion [seventeen] as that considered in Brewster. [Defendant] acknowledged he had reviewed the plea form and that he understood each question and answered them truthfully.

The PCR court also held defendant was not entitled to an evidentiary hearing because he did not satisfy the Strickland-Fritz[1] test for an ineffective assistance of counsel claim. The court reasoned there was "no evidence to support [defendant's] claim that [plea counsel] provided false or misleading information before he agreed to plead guilty." The court stated further that defendant's "allegation amounts to a bald assertion, failing to reach the threshold necessary to merit an evidentiary hearing. While [defendant] alleges that [plea counsel] told him his plea would not at all affect his immigration status, [defendant] provides no evidence to support this allegation."

On appeal, defendant raises the following points for our consideration:

I. THE TIME-BAR IN [RULE] 3:22-12 SHOULD BE RELAXED BECAUSE THE DELAY IN THIS CASE WAS NOT DUE TO ANY LACK OF EFFORT ON THE PART OF THE APPELLANT AND ENFORCEMENT OF THE TIME-BAR WOULD RESULT IN A FUNDAMENTAL INJUSTICE

II. THE COURT SHOULD HAVE HELD AN EVIDENTIARY HEARING AS APPELLANT HAS

---

[1] Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987).

A-4322-18T1

MADE A PRIME FACIE CASE FOR INEFFECTIVE
ASSISTANCE OF COUNSEL

The standard for determining whether trial counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in <u>Strickland</u>, 466 U.S. at 687, and adopted by the New Jersey Supreme Court in <u>Fritz</u>, 105 N.J. at 58.

In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test establishing both that: 1) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and 2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 687, 694.

A first petition for PCR must be filed within five years of the date of the judgment of conviction. <u>R.</u> 3:22-12(a)(1). A late filing may be considered if the petition itself shows excusable neglect for the late filing and that a fundamental injustice will result if defendant's claims are not considered on their merits. <u>R.</u> 3:22-12(a)(1)(A). In addition, <u>Rule</u> 3:22-12(a)(2)(B) allows for a petition to be filed within one year of the "date on which the factual predicate

A-4322-18T1

for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence . . . ."

To establish "excusable neglect," a defendant must demonstrate "more than simply . . . a plausible explanation for a failure to file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009). Factors to be considered include "the extent and cause of the delay, the prejudice to the State, and the importance of the [defendant's] claim in determining whether there has been an 'injustice' sufficient to relax the time limits." State v. Afanador, 151 N.J. 41, 52 (1997) (citation omitted).

"Absent compelling, extenuating circumstances, the burden to justify filing a petition after the five-year period will increase with the extent of the delay." Ibid. "Where the deficient representation of counsel affected 'a determination of guilt or otherwise wrought a miscarriage of justice,' a procedural rule otherwise barring post-conviction relief may be overlooked to avoid a fundamental injustice." Brewster, 429 N.J. Super. at 400 (citation omitted).

In first addressing the procedural issue of timeliness, we are satisfied defendant demonstrated excusable neglect as required for a late filing under Rule 3:22-12(a)(1). He asserts the ten-year delay between the March 2008

7

judgment of conviction to the filing of his petition was excusable because he was affirmatively misinformed regarding the immigration consequences of his plea. He certified he had no reason to suspect he had received the ineffective assistance of counsel until he was arrested by ICE in June 2018 and learned he was misinformed of the consequences of his plea. Moreover, he claimed his green card had been renewed in 2015.[2] Immediately after defendant was arrested, he retained counsel and filed his PCR petition.

We disagree, however, with defendant's argument that he was entitled to an evidentiary hearing. In his supporting certification, defendant gave conflicting statements and made bald assertions. He stated initially that he "was not told of the immigration consequences of [his] plea," but later said "[he] believed [his] attorney when he told [him he] would not be deported as a result of these pleas." These are contradictory statements. In addition, the record from the plea hearing made it clear defendant was informed through counsel that his guilty plea might subject him to deportation consequences.

As defendant's conviction occurred in March 2008, he was subject to the Nunez-Valdez standard – allowing a defendant to establish the ineffective

---

[2] PCR counsel made this representation regarding defendant's immigration status to the PCR court during oral argument on the petition. The record does not contain any information as to a green card or its renewal.

assistance of counsel by proving his guilty plea resulted from "inaccurate information from counsel concerning the deportation consequences of his plea." State v. Nunez-Valdez, 200 N.J. 129, 143 (2009). Defendant's conflicting and unsupported statements have not established what advice, if any, he received from counsel. Therefore, we are satisfied defendant has not demonstrated a reasonable likelihood that his claim will succeed on the merits. As he failed to establish a prima facie case of ineffectiveness of counsel, we discern no error in the denial of an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4322-18T1